UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LAMONT DAVID OSBORN, <br><br> Defendant. | Case No. 94-cr-40050-JPG |

### ORDER

This matter comes before the Court on the *pro se* motion of defendant Lamont David Osborn for reconsideration of the Court's order (Doc. 171) denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Osborn filed this motion *pro se*, although he is represented by the Federal Public Defender in connection with a potential sentence reduction under § 3582(c)(2). A defendant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "The right to representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). Therefore, the Court **ORDERS** the defendant's *pro se* motion (Doc. 171) be **STRICKEN**. Osborn may not file *pro se* motions unless and until his counsel is allowed to withdraw from this matter.

**IT IS SO ORDERED.**
**DATED: January 7, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**